UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Stanley B. Doremus,                                    Case No.  3:17-cv-0027

                    Plaintiff

v.                                                     MEMORANDUM OPINION
                                                           AND ORDER

Lucas County Probate Court,

                    Defendant.




## BACKGROUND AND HISTORY


*Pro se* Plaintiff Stanley B. Doremus filed this mandamus action against the Lucas County

Probate Court.  In the Complaint, Plaintiff indicates the Lucas County Probate Court would not

accept his attempt to file an estate for William W. Szymanski.  He includes a copy of Szymanski's

Last Will and Testament which Plaintiff contends establishes standing to bring this action.  The Will

indicates that Plaintiff is to be the alternate executor "[i]f Leonard Lee Byers is unable or unwilling

to act" as executor.  Plaintiff is not a beneficiary of the estate.  There is no indication in the

Complaint that Szymanski died, or that Byers was unwell or unable to act as executor to the estate.

Nevertheless, it appears Plaintiff attempted to open an Estate for Szymanski and request

appointment as the executor.  The probate court would not accept his filing because Plaintiff did not

pay the filing fee and because the filing contained errors.  He indicates he offered to allow the

probate court to take the filing fee from the Estate assets at the conclusion of the estate, but they

would not accept that offer. He asks me to order the probate court to accept his estate filing.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898

F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to

state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption

that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned,

the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most

favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, this Court lacks jurisdiction to order the Lucas County Probate Court to

accept Plaintiff's filing. Mandamus jurisdiction is conferred to district courts by 28 U.S.C. § 1361

"to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir. 1990). Here, Plaintiff seeks relief from a state probate court, not a federal entity. This Court does not have authority under § 1361 to order a state court to accept a filing. In addition, Plaintiff does not establish that he has a clear right to relief or that the Defendant has a nondiscretionary duty to act. First, Plaintiff is listed in the Will as the alternate executor, not the executor. Second, Ohio Revised Code § R.C. 2113.05 vests the probate court with discretion to determine the suitability of a named executor. *In re Henne's Estate*, 66 Ohio St. 2d 232, 235 (1981), even if he were named in the Will as the executor, the probate court would not be bound to appoint him to that position.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude I do not have jurisdiction to grant the requested relief. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge